O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRIS LANGER,<br><br>            Plaintiff,<br><br>    v.<br><br>B.R. GUEST,<br><br>            Defendant. | Case № 2:21-cv-02716-ODW (PLAx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [18]** |

## I.   INTRODUCTION

On March 30, 2021, Plaintiff Chris Langer brought suit against Defendant B.R. Guest.  (Compl., ECF No. 1.)  On June 1, 2021, Plaintiff filed the operative First Amended Complaint ("FAC"), which Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  (FAC, ECF No. 17; Mot. Dismiss ("Mot."), ECF No. 18.)  For the reasons that follow, the Court **GRANTS** the Motion and dismisses the action.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The essential allegations of this case are uncontested and include the following.  Plaintiff is hard of hearing.  (FAC ¶ 10.)   Defendant is the owner of a hotel in Santa Barbara and operates a website which can be used to access information about the hotel and make reservations.  (FAC ¶¶ 12–13.)  In February 2021, Plaintiff visited

Defendant's website and attempted to view a video titled "Pacific Crest Hotel Santa Barbara." (FAC ¶ 17.) Plaintiff struggled to view and understand the video because it lacked closed captioning. (FAC ¶¶ 16–17.) Plaintiff alleges that the lack of closed captioning constitutes an access barrier in violation of the Americans with Disabilities Act ("ADA"). (FAC ¶¶ 18–24.) Thereupon, Plaintiff asserts two causes of action: one for violation of the ADA (FAC ¶¶ 35–41a) and the second for violation of California's Unruh Civil Rights Act ("Unruh Act") (FAC ¶¶ 41b–44).

Defendant seeks to dismiss both claims on the alternative grounds of Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim. For the reasons that follow, the Court dismisses the claims with prejudice on the basis of Rule 12(b)(1). The Court does not decide whether the FAC would also be dismissed under Rule 12(b)(6).

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(1), a district court must dismiss a complaint when the court lacks subject matter jurisdiction, which includes when a plaintiff lacks constitutional standing. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under [Rule] 12(b)(1)."); *Lammey v. Valdry*, No. 2:20-cv-10655-RGK-AS, 2021 WL 840436, at *2 (C.D. Cal. Feb. 4, 2021) (approving, for same reason, use of Rule 12(b)(1) motion as mechanism for raising mootness). To satisfy Article III standing, a plaintiff must show that (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged actions of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868–69 (9th Cir. 2002).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at

1242). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

To make a factual attack, the moving party must present affidavits or other evidence to dispute the allegations in the complaint. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Then, the burden shifts to the non-moving party to present evidence showing that the court does in fact possess subject matter jurisdiction. *Id.* Alternatively, parties may establish mootness if the plaintiff concedes that the claim has already been resolved. *Hernandez v. Polanco Enters.*, 19 F. Supp. 3d 918, 925–26 (N.D. Cal. 2013).

## IV.   DISCUSSION

As a preliminary matter, Plaintiff's Opposition brief is rife with single-spaced block quotations in violation of Central District Local Rule 11-3.6 regarding spacing. If lined up end-to-end, the single-spaced block quotes in the Opposition brief would span at least five pages. The Court finds that this practice circumvents the page limitations provided by the Local Rules and the ODW Courtroom Rules and that Plaintiff's Opposition brief is therefore five pages over the limit. Accordingly, the Court disregards the last five pages of the Opposition brief.

**A.   The ADA Claim is dismissed pursuant to a factual attack on subject matter jurisdiction.**

Substantively, Defendant mounts a factual attack against subject matter jurisdiction by presenting evidence that it has corrected the ADA violation at issue, thus depriving Plaintiff of constitutional standing and depriving this Court of subject matter jurisdiction. Defendant's argument is well taken.

Plaintiffs bringing suit under the ADA are limited to injunctive relief and are not entitled to monetary damages. *Bryant v. Yosemite Falls Café, Inc.*, No. 1:17-cv-01455-LJO, 2018 WL 372704, at *3 (E.D. Cal. Jan. 11, 2018). This limitation on remedies

available under the ADA means that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 985 (C.D. Cal. 2017); *Bryant*, 2018 WL 372704, at *3. "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims." *Bryant*, 2018 WL 372704, at *3; *accord Grove v. DeLa Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

However, "the party asserting mootness bears the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Lammey*, 2021 WL 840436, at *3 (quoting *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000)) (cleaned up)[1]; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (requiring plaintiffs demonstrating mootness to make "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur"). In the ADA context, this requires "some evidence by the defendant, or concession by the plaintiff" that the violation was corrected. *Lammey*, 2021 WL 840436, at *3.

No bright-line rule exists regarding whether modifications to a website moot an ADA claim. Some courts have been "reluctant to find that an ADA plaintiff's claims have been mooted where the alleged barriers are not structural in nature, since nonstructural barriers (such as policy changes or features on a website) are more likely to reoccur." *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-cv-06015-DMR, 2021 WL 148237, at *3 (N.D. Cal. Jan. 15, 2021). Ultimately, "[w]hen considering whether a violation is likely to reoccur, a court should consider 'the bona fides of the

---

[1] This Order uses (cleaned up) to indicate that internal quotation marks, brackets, ellipses, and citations have been omitted from quotations. *See, e.g., Mo. State Conference of the Nat'l Assn. for the Advancement of Colored People v. Ferguson-Florissant Sch. Dist.*, 894 F.3d 924, 930 (8th Cir. 2018); *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017); *Guevara v. Chaffey Joint Union High Sch. Dist.*, No. ED CV 20-1929 FMO (SPx), 2021 WL 4439230, at *4 (C.D. Cal. Aug. 10, 2021).

expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations.'" *Id.* at *4 (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)).

Here, Plaintiff's evidence consists primarily of a declaration by Greg Mishkin, a principal of Defendant. (Decl. Greg Mishkin ("Mishkin Decl."), ECF No. 18-2.) The declaration indicates that the video in question was a YouTube video that was embedded into Defendant's website such that a visitor could view the video either on Defendant's website or directly on YouTube's website. (Mishkin Decl. ¶¶ 4–5.) "[A]t some point," Mishkin declares, "the coding became corrupted," and the video as embedded on Defendant's website stopped allowing activation of closed captioning, a feature which is customary of most YouTube videos. (Mishkin Decl. ¶¶ 3, 5.) This lawsuit alerted Mishkin to the problem, and he immediately corrected the error, making closed captioning once again available on the video on Defendant's website. (Mishkin Decl. ¶ 6.) Mishkin declares that Defendant has "no interest in, and will not, alter [sic] the coding on our website to eliminate closed captioning. . . . [T]he coding change is permanent and will not be changed." (Mishkin Decl. ¶ 7.) Mishkin further declares that Defendant has never been sued before and has no history of ADA violations. (*Id.*)

Plaintiff does not dispute the foregoing presentation with any evidence. Plaintiff argues, or perhaps concedes, that the website has been "revised" and that the current version of the website is not the same web page referenced in his Complaint. (Opp'n 1.) Although this argument might be relevant to the disposition of this Motion under Rule 12(b)(6), it does little to help Plaintiff under Rule 12(b)(1), because when only injunctive relief is available, mootness (and therefore standing, and therefore subject matter jurisdiction) goes to whether a plaintiff's claim is moot *in the present moment*, not whether it was moot when the case was filed. *See Winchell's Donut Houses*, 252 F. Supp. 3d at 985.

Plaintiff's lack of countervailing evidence means, for the purpose of this Motion, that the Court accepts the facts demonstrated by Defendant's evidence as true.

Relatedly, Plaintiff's objection to Mishkin's testimony as improper expert opinion testimony, (Opp'n 10–11), is not well taken because Mishkin's testimony is not opinion testimony in the first place. It is acceptable factual testimony that relates to the state of the video and is based on Mishkin's own direct observation. *See April in Paris v. Becerra*, 494 F. Supp. 3d 756, 769–70 (E.D. Cal. 2020) ("It is necessary that a lay witness's opinions are based upon direct perception of the event, are not speculative, and are helpful to the determination of factual issues before the jury." (ellipsis omitted).)

Thus, Defendant has corrected the violation in a way that makes amply clear that the alleged violation is corrected and will not happen again. This finding is buttressed primarily by the uncontroverted showing that the video did, at one point in the past, provide an option for closed captioning, but that that option was deactivated through inadvertence or excusable neglect. The evidence shows Defendant intended at all relevant times to provide an option for closed captioning on its video, and moreover, there is no showing that making closed captioning available imposes any costs or burden on Defendant. In this case, "Plaintiff identified [a] barrier[] to his use and enjoyment of the Website. Defendant removed those barriers . . . and commits to . . . ensur[ing] that visually-impaired individuals have equal access to the Website. On this record, Defendant has met the stringent showing required by the Supreme Court's mootness precedents." *Diaz v. Kroger Co.*, No. 18 Civ. 7953 (KPF), 2019 WL 2357531, at *5 (S.D.N.Y. June 4, 2019).

Plaintiff is correct that Rule 12(b)(1) dismissal is inappropriate when the issue of jurisdiction raises genuinely disputed factual issues and is intertwined with the ultimate merits of the case. *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139–40 (9th. Cir. 1983). Plaintiff maintains that resolving the jurisdictional issue is inappropriate on this basis. (Opp'n 3–4.) But the two issues are not intertwined at all in this case. The jurisdictional issue in this case is no more and no less than whether Defendant remedied the violation, which is factually equivalent to the issue of the website's *current* state. This issue is separate from, and not intertwined with, whether

the website violated the ADA *at the time the case was filed*, which is the question raised by the Complaint in this matter. The Court can resolve the jurisdictional issue on the basis of the purely factual question of the website's current state, without deciding anything about what the website used to look like or whether it used to violate the ADA. Thus, the issues are not intertwined, and the Court may properly make jurisdictional factual findings.

Relatedly, Plaintiff asks for additional time to conduct discovery so that the Motion may be treated more fully under Rule 56. (Opp'n 5.) Plaintiff asserts he would conduct "basic discovery" to explore Defendant's "policies, practices, enforcement and oversight controls." (Opp'n 9.) The Court finds it implausible that any such discovery would potentially disturb the fundamental finding that restoration of closed captioning on a single embedded YouTube video, backed by a clear intent to ensure the video remains accessible, moots an ADA injunctive relief claim.

For these reasons, Plaintiff lacks standing, and this Court accordingly lacks subject matter jurisdiction to decide his ADA claim. The Court therefore dismisses the ADA claim with prejudice.

**B.   The Court declines to exercise supplemental jurisdiction over the Unruh Act claim.**

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction if, among other things, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). After a district court dismisses all such claims, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity" will, in the usual case, "point toward declining to exercise jurisdiction over the

remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, (1988); *Winchell's Donut Houses*, 252 F. Supp. 3d at 986 (declining supplemental jurisdiction over Unruh Act and other state-law claims after dismissing ADA claim as moot on summary judgment).

As the Court has dismissed the only claim over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. *Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *4 (N.D. Cal. Feb. 24, 2015) ("In a Title III ADA action, a district court may properly decline supplemental jurisdiction over related state-law access claims once the ADA claim has been dismissed."). The Court therefore dismisses the Unruh Act claim without prejudice.

## V. CONCLUSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), and based on the mootness of the controversy, the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 18.) The Court **DISMISSES** Plaintiff's ADA claim **WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the Unruh Act claim and **DISMISSES** that claim **WITHOUT PREJUDICE**. The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

October 26, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**